137 B.R. 251 (1992)
In re BLACKOAKS, INC., Debtor.
John J. HUNTER, Trustee, Plaintiff,
v.
SOCIETY BANK & TRUST, Defendant and Third Party Plaintiff,
v.
Arthur B. OCHS, et al., Third Party Defendants.
Bankruptcy No. 90-00935, Adv. No. 91-3154.
United States Bankruptcy Court, N.D. Ohio, W.D.
February 26, 1992.
Marvin Robon/Russell Miller, Toledo, Ohio, for defendant.
V. Robert Candiello, Toledo, Ohio, for third party defendants.
OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AVOIDING PREFERENTIAL TRANSFER AND SCHEDULING PRETRIAL CONFERENCE ON THIRD PARTY COMPLAINT
WALTER J. KRASNIEWSKI, Bankruptcy Judge.
This matter is before the court upon plaintiff's motion for summary judgment of his complaint to recover a preference pursuant to 11 U.S.C. § 547(b) and defendant's counter motion for summary judgment. Upon consideration of the record herein, the court finds that plaintiff's motion is well taken and should be granted, that the trustee should recover the transfer to defendant of $48,150 as it represents a preferential transfer and that a pretrial conference upon the complaint of defendant/third party plaintiff should be scheduled.

*252 FACTS
An involuntary petition under chapter 7 of title 11 was filed against Debtor on March 23, 1990. On February 26, 1991, plaintiff was appointed successor trustee of Debtor's estate. On April 30, 1991, plaintiff filed the instant complaint against defendant Society Bank and Trust claiming that on or about January 2, 1990, Debtor, while insolvent, paid defendant the sum of $48,150 to apply upon Debtor's outstanding obligation due defendant as a result of a demand note dated February 24, 1987 between the parties. Plaintiff maintains that said payment enabled defendant to receive a greater percentage of its debt than other creditors in its class.
Defendant, in answering plaintiff's complaint, admitted that it received a payment of $48,150 from Debtor on or about January 2, 1990. However, defendant defends against plaintiff's complaint, stating that said payment was in the ordinary course of business. Defendant also filed a third party complaint against Arthur B. Ochs and Donald W. Ochs (hereinafter the Ochs) claiming that said individuals are personally liable for sums due defendant and that if defendant is determined to be liable to plaintiff, that defendant be granted judgment against the Ochs for all sums due Society. The Ochs answered defendant's complaint stating that said payment was from their individual funds and that their liability has been extinguished as the Ochs are not indemnifiers under the note in favor of defendant.
On July 19, 1991, plaintiff filed the instant motion for summary judgment, supported by his affidavit, stating that defendant has received a preferential transfer. Plaintiff's affidavit reflects that there exists no other substantial assets and if defendant is permitted to retain the $48,150 payment, defendant will receive a greater percentage than other creditors of the same class. Plaintiff further opines that said payment was not in the ordinary course of business as the Ochs paid the outstanding debt due defendant in order to avoid personal liability under the note in favor of defendant.
Defendant, on November 14, 1991, filed a memorandum in opposition to plaintiff's motion and counter motion for summary judgment stating that the funds paid to defendant were not "property of the Debtor" as these monies were from the Ochs' mother and brother. These monies were deposited in Debtor's account and paid to defendant; however, they were "ear-marked" for payment to defendant. Defendant states that although plaintiff asserts that the monies represent sale proceeds, plaintiff has failed to provide proof of this allegation. Defendant maintains that these funds were personal funds of the Ochs, their mother and brother, and were given as a loan to the Ochs. See Deposition Transcript of Arthur B. Ochs, Exhibit 3 (Nov. 15, 1991). Plaintiff, in response to defendant's motion, contends that the Ochs' mother was without knowledge about disposition of the monies she gave to them. Furthermore, Mrs. Ochs believed she was giving money to "tie over" the business until things got better.

DISCUSSION
Initially, the court notes that Rule 56 Fed.R.Civ.P., made applicable to the instant situation by Bankruptcy Rule 7056, provides that summary judgment shall be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Plaintiff and defendant have submitted documentation in support of their positions. Plaintiff's cause of action is premised upon 11 U.S.C. § 547(b) which permits the trustee to "avoid a transfer of an interest of the Debtor in property 
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the Debtor before such transfer was made;
(3) made while the Debtor was insolvent;
(4) made 
(A) on or within 90 days before the date of the filing of the petition. . . .
(5) that enables such creditor to receive more than such creditor would receive if 
* * * * * *

*253 (B) the transfer had not been made
Defendant contends that the trustee may not recover the $48,150 it received as this payment was "earmarked."
"The earmark rule requires that the party making the loan choose the recipient of the funds." In Re Hartley, 825 F.2d 1067, 1071-72 (6th Cir.1987) (citation omitted). The earmarking doctrine prohibits a trustee from avoiding a transfer, as preferential, as the funds to be recovered never belonged to the Debtor; "Debtor never controlled the money, and the money never became a part of the Debtor's assets." Id. at 1070 (citation omitted). That is, in order for a trustee to avoid a preference under § 547, Debtor must have an interest in the property transferred, diminishing Debtor's estate. Coral Petroleum, Inc. v. Banque Paribas-London, 797 F.2d 1351, 1355 (5th Cir.1986). Specifically, then, earmarking applies:
"in cases where a third person makes a loan to a Debtor specifically to enable him to satisfy the claim of a designated creditor, the proceeds never become part of the Debtor's assets, and therefore no preference is created. The rule is the same regardless of whether the proceeds of the loan are transferred directly by the lender to the creditor or are paid to the Debtor with the understanding that they will be paid to the creditor in satisfaction of his claim, so long as such proceeds are clearly `earmarked.'"
Coral Petroleum, 797 F.2d at 1356 (citing 4 Collier on Bankruptcy ¶ 547.25 at 547-(101-102)). See also In Re Bohlen Enterprises, Ltd., 859 F.2d 561, 565 (8th Cir. 1988) (when new funds are provided by the new creditor to or for the benefit of the Debtor for the purpose of paying the obligation owed to the old creditor, the funds are said to be "earmarked" and the payment is held not to be a voidable preference); Hartley, 825 F.2d at 1070 (when a third person loans money to a Debtor specifically to enable him to satisfy the claim of a designated creditor, the general rule is that the proceeds are not the property of the Debtor and, therefore, the transfer of the proceeds to the creditor are not preferential).
Thus, if one creditor is substituted for another creditor, no preference exists as Debtor's estate has not been diminished; Debtor's outstanding obligation remains the same, only the creditor's name has changed. Coral Petroleum, 797 F.2d at 1356. See also Hartley, 825 F.2d at 1071 (transaction merely substituted one creditor for another without loss to the estate).
Mr. Arthur Ochs testified that he received monies from his mother and brother, not as a loan, and that these monies were wrongfully deposited into Debtor's account. Deposition Transcript of Arthur B. Ochs taken on August 28, 1991 at 12-13, 18 (Nov. 15, 1991). Notwithstanding Mr. Ochs' testimony, the court is not persuaded that these funds were earmarked. Initially, the funds were deposited into Debtor's account, although Mr. Ochs opines that this was in error. Furthermore, as evidenced by the "erroneous" deposit, the signatories to these checks did not control disposition of these funds nor, apparently, direct that these funds be paid over to defendant. Obviously, these funds were not under the control of the third parties. In fact, Mr. Ochs' brother does not specify to whom these monies were intended; he merely states that these funds were "loaned to my brother, Arthur, to pay off the personal bank loans." Id., Plaintiff's Exhibit 3. See New York City Shoes, Inc. v. Best Shoe Corp., 106 B.R. 58, 60, 61 (E.D.Pa. 1989) (in order for a loan to be earmarked, the lender must choose the recipient of the loans and exercise strict control over distribution of funds which it advances to Debtor; absent such control, Debtor may retain the funds in question and in deciding to disperse them act to diminish assets of Debtor's estate (citation omitted)). The court finds that defendant's earmarking defense must fail.
The parties do not dispute that defendant received the funds in issue, nor that it was paid on an antecedent debt within 90 days before the filing of the petition. Section 547(f) affords plaintiff a presumption of insolvency at the time of the transfer, which presumption has not been rebutted. Lastly, plaintiff's affidavit reflects that defendant's *254 retention of the $48,150 "will enable it to receive a greater percentage on payment of its claim than other creditors of the same class." Plaintiff's Motion for Summary Judgment, Affidavit. Plaintiff, as trustee of this estate, is knowledgeable of the monies available for distribution. This unrebutted contention satisfies the final element necessary for establishing a preferential transfer, entitling plaintiff to summary judgment and avoidance of the transfer.
Because there exists no genuine issue of material fact, the court finds that plaintiff is entitled to judgment as a matter of law, and that defendant's motion for summary judgment is not well taken. It is therefore
ORDERED that the transfer to Society Bank & Trust by the Debtor be, and hereby is, avoided, and John J. Hunter, trustee, be, and hereby is, granted judgment against Society Bank & Trust in the amount of $48,150.00. It is further
ORDERED that a pretrial conference upon the third party complaint of Society Bank & Trust against Arthur B. Ochs and Donald W. Ochs be held on Thursday, April 23, 1992 at 2:00 o'clock P.M. in Courtroom No. 1, Room 103, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.